**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CHARLES CASTON, *et al.*, | |
| Plaintiffs, | 2:07-cv-00181-LDG-LRL |
| v. | |
| FBI, *et al.*, | **APPLICATION TO PROCEED *IN FORMA PAUPERIS* (#1)** |
| Defendants. | |

**REPORT & RECOMMENDATION**

Charles Caston, acting *pro se*, is suing not only on his own behalf, but on the behalf of Casinos Las Vegas, Casinos Reno, the European Union and the African Union. Plaintiff asks for a restraining order and order of protection against the FBI, the Las Vegas Police Department, the United States Marshal Service, the CIA, the Clark County Sheriff, Valley Lawn Care LLC, Ilene Tuxedo and Gown, Ted Kennedy, Eunice Kennedy, Ethel Kennedy, Patrick Kennedy, Timothy Schriver, Maria Schriver, Arnold Schwarzenegger, Michael W. Kennedy Smith, and Washington Mutual. Plaintiff filed an Application to Proceed *In Forma Pauperis* and Complaint on February 13, 2007 (#1).

**DISCUSSION**

**I. *Pauperis* Status**

28 U.S.C. § 1915 allows the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." The decision to grant or deny *in forma pauperis* status under § 1915 lies within the sound discretion of the court. *See Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963). Based on the Application, plaintiff qualifies for *pauperi*s status. *See* 28 U.S.C. § 1915.

## II. Complaint

Because plaintiff is proceeding *in forma pauperis*, this court must review the instant action. 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). Pleadings prepared by *pro se* litigants should be held to less stringent standards and thus be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986). However, "[p]ro se litigants must follow the same rules of procedure as other litigants." *King*, 814 F.2d at 567 (citations omitted). In determining whether a plaintiff has satisfied Rule 12(b)(6), all material allegations in the complaint are accepted as true and are construed in the light most favorable to the plaintiff. *See Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980) (citations omitted).

Upon review the court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33.

As a Complaint, the plaintiff submitted a form titled "Request for a Restraining Order, and Order of Protection." The form is not one used in this court, nor does the information contained therein form the basis of a claim upon which relief may be granted. In fact, plaintiff's Complaint rises to the level of the irrational or the wholly incredible.

Plaintiff requests protection from the "F.B.I. Las Vegas, ET. AL." and requests that they stay away from a storage unit at 6601 Charleston. Plaintiff claims that on February 10 and 11, 2007 he was forced to stay out all night in the casinos. Then, he was forced out of the casinos and denied any type

of beverage. Then, defendants allegedly picked his pockets, put money into his pockets, stalked and harassed him, and asked him to give up his San Jose District Court files for sex. Plaintiff states he was scared because of the heat in the casinos and the stalkers. Plaintiff fails to causally connect the defendants to any credible misconduct, and, in fact, does not mention most of the defendants in the substance of the Complaint. Given the delusional allegations of plaintiff's Complaint, the legal and factual deficiencies cannot be cured by amendment.

## ORDER

IT IS ORDERED that the Application to Proceed *in Forma Pauperis* (#1) is GRANTED.

## RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that the Complaint should be filed and dismissed with prejudice.

## NOTICE

Pursuant to LR IB 3-2(a), any objections to this Report and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days from receipt of this Notice.

DATED this 14th day of June, 2007.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**